IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2021 DEC -8  PM 3: 29

JEFFREY P. COLWELL
CLERK

Civil Action No. _1:21_ -cv- _02693_ - _MEH_

BY_____DEP. CLK

_CARMEN CRINER_

Plaintiff(s),

v.

_PPF AMLI 10020 TRAINSTATION CIRCLE LLC d/b/a AMLI RIDGEGATE; AMLI
RESIDENTIAL PROPERTIES, L.P. d/b/a AMLI RESIDENTIAL; BEN LEE, MONIQUE
CLEAR; STEPHANIE GLOWCZEWSKI; and GREGORY MUTZ_

Defendant(s).

## MOTION FOR APPOINTMENT OF COUNSEL

I am a ☒ plaintiff ☐ defendant **[Select which side you are in your case]**

in this case and am currently not represented by counsel. I believe that I am unable to

proceed with the assertion of my ☐ claims ☐ defenses **[Select what is**

**appropriate to your case]** in this case without the assistance of counsel. I believe I

qualify for the appointment of counsel from the Civil Pro Bono Panel.

Under the court's Civil Pro Bono Representation rule, D.C.COLO.LAttyR 15, a

judicial officer of this court may enter an Appointment Order authorizing appointment by

the clerk of a member of the court's Civil Pro Bono Panel when the following

considerations weigh in favor of appointment:

(1) the nature and complexity of the action **[Describe below:]**

_PLEASE SEE ATTACHED TITLED_

_ATTACHMENT FOR QUESTIONS 1, 3, 4_

(2) the potential merit of the claims or defenses of the unrepresented party;

*The merits of the claims are very meritorious, worthy and likely to succeed.*

(3) the demonstrated inability of the unrepresented party to retain an attorney by

other means;

*PLEASE SEE ATTACHED TITLED ATTACHMENT FOR QUESTIONS 1, 3, 4*

and

(4) the degree to which the interests of justice, including the benefits to the court,

will be served by appointment of counsel:

*PLEASE SEE ATTACHED TITLED ATTACHMENT FOR QUESTIONS 1, 3, 4*

D.C.COLO.LAttyR 15(f)(1)(B); *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111,

1115 (10th Cir. 2004).

I am aware that **I am obligated, as a party in this case representing myself, to meet all obligations and deadlines imposed** under the law and the rules of procedure, local rules, and the practice of standards of this court until appointed counsel formally enters an appearance in this case.  I also confirm that I understand that, in the event this motion is granted, **there is no guarantee that appointment of counsel results in an attorney(s) automatically entering an appearance in this case** – only

that a member of the Civil Pro Bono Panel will review the case for possible representation.

**[Please check one or both of the following options:]**

☒ **General Representation** – I request that appointment of volunteer counsel be granted by the court for *general* representation in this civil action subject to the rules and procedures set forth in D.C.COLO.LAttyR 15.

☒ **Limited Representation** – I request that appointment of volunteer counsel be granted by the court for the *limited* representation purpose of:

*Appearing at a Conference, hearing, or trial, assisting with discovery, drafting a motion, pleadings, assist with settlement conference.*

[examples of purposes for limited representation include amending a pleading / drafting a motion / appearing at a conference, hearing, or trial / assisting with a settlement conference / etc.]

I understand that counsel's *limited* representation may be allowed in accordance with D.C.COLO.LAttyR 2(b)(1), under the auspices of the Civil Pro Bono Panel program and its benefits.

I confirm that I have conferred with the opposing counsel in good faith regarding this motion, as required under local rule D.C.COLO.LCivR 7.1(a) [1].

---

[1] **[Note:** Local Rule D.C.COLOLCivR 7.1(a) requires a party (including an unrepresented party) to confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party about the subject of their motion before filing the motion and to describe the specific efforts to fulfill this duty. However, the duty to confer is not required under the local rules for a motion filed in a case involving an unrepresented prisoner.]

Dated at _CAstle Rock_ (city), _CO_ (state), this _8th_ day _December_, 20_21_.

_CARMEN CRIner_
(Unrepresented Party's Name)
_2355 MERCANTILE ST., APT. 1412_
_CAstle Rock, CO 80109_
(Address)

_720-481-4566_
(Phone Number)

**(1) the nature and complexity of the action;**

This is a civil action against PPF AMLI 10020 TRAINSTATION CIRCLE, LLC, d/b/a AMLI

RIDGEGATE, AMLI RESIDENTIAL PROPERTIES, L.P. d/b/a AMLI RESIDENTIAL, BEN

LEE, MONIQUE CLEAR, STEPHANIE GLOWCZEWSKI, GREGORY MUTZ for claims

arising under the Federal Fair Housing Act, 42 U.S.C. § 3604 et seq., 42 U.S.C. § 3617, 42

U.S.C. § 1981, also pendant jurisdiction of the state law claims. The Complaint includes the

following eleven causes of action:

- 42 U.S.C. § 3604(f)(3)(b) Denied accommodations to be transferred and relocated
  to a habitable dwelling free of hazardous secondhand cigarette smoke and
  marijuana smoke.

- 42 U.S.C. § 3604(a) Refuse to make habitable housing available to me and
  transfer my one-year rental lease to another one of their apartment communities or
  temporary housing.

- 42 U.S.C. § 3604(b) for discrimination in terms and conditions by refusing to
  make a reasonable accommodation to their apartment transfer policy.

- Colorado Revised Statutes § 6-1-105 for violation by engaging in a deceptive or
  unfair trade practice by falsely advertising the rental property as a smoke free
  environment and community.

- Negligence for intentionally failing to behave with a level of care and breached
  that duty by allowing hazardous secondhand cigarette smoke and marijuana fumes
  to enter my apartment home, the inside of my vehicle while parked in resident
  parking garage, and the common areas of the property including the hallways
  right outside my apartment front door.

- 42 U.S.C. § 3617 for interference with threatening conduct and direct intimidation inside my apartment home.

- 42 U.S.C. § 1981 for acting with intent to discriminate against me by transferring Caucasian residents who were in a similarly situated position, and the residents were not in a protected class.

- Breach of Warranty of Habitability for allowing hazardous smoking odors on every floor in the building, including the common areas, such as hallways and resident parking garage; causing breathing problems, forcing me to sleep in my car away from the property, and vacate the premises.

- Breach of the Covenant of Peaceful and Quiet Enjoyment for allowing hazardous smoking odors on every floor in the building, including the common areas, such as hallways and resident parking garage; causing breathing problems and forcing me to sleep in my car away from the property, and vacate the premises.

- Breach of Contract for allowing hazardous smoking odors on every floor in the building, including the common areas, such as hallways and resident parking garage; causing breathing problems and forcing me to sleep in my car away from the property, and vacate the premises.

- Infliction of Emotional Distress for, including but not limited to, intentionally acting in an unreasonable, extreme and outrageous manner by falsely advertising and failing to disclose pertinent smoking information, for conduct that involves being untruthful by omission, subverting the Federal Fair Housing Act by using trickery to have me enter

> into a rental lease agreement based on falsities, and for refusing to transfer or
> relocate me to a habitable dwelling or temporary housing.

The related violations were suspected by me after occupying the apartment in June 2021 and

discovered by me in July 2021 after causing repeated respiratory compromise and emotional

distress to me for which I am still being evaluated by a professional. I investigated the premises

and interviewed a few residents in which I have a few names as witnesses, who confirm they

were also misled by AMLI Ridgegate. The complexity of my lawsuit is problematic for me and

an Appointment of Counsel can facilitate the action and the discovery process on my behalf

which will validate the meritorious claims.

**(3) the demonstrated inability of the unrepresented party to retain an attorney by other
means;**

I have reached out to several attorneys for guidance, assistance, and representation. I continue to

have trouble in trying to obtain legal representation. I have called the following firms and have

noted the responses below:

On 11/15/21, I called Lewis Brisbois Bisquard & Smith LLP to inquire about legal

representation. Most cases the firm handles are for corporate businesses.

Attachment for Questions No. 1, 3, 4 – Motion for Appointment of Counsel
Case 1:21-cv-02693-MEH                                                    Page **4** of **5**

On 11/15/21, I called Lewis Roca to inquire about legal representation and left a message for Trevor Bartel to inquire about obtaining legal representation. I have not received a response.

On 11/15/21, I called Faegre Drinker Biddle & Reath LLP. The firm is not accepting new clients.

On 11/15/21, I called Sherman & Howard LLC to inquire about legal representation and left a message for someone in records management. I have not received a response.

On 11/15/21, I called Davis Graham & Stubbs LLP to inquire about legal representation. I was transferred to Jenna who stated I am not a good fit and gave me the number for Colorado Legal Services to obtain a reference.

On 11/15/21, I called Overton Law Firm to inquire about legal representation and I left a message. I received a call back from Steve Schumacher who was very helpful in answering a few questions about both of my lawsuits. Mr. Schumacher referred me to Mr. Kilmer of Kilmer Lane & Newman.

On 11/15/21, I called Kilmer Lane & Newman to inquire about legal representation and I left a message. On 11/16/21, I received a call back with a referral from David Lane's office to contact Phyllis Roestenberg. I called Ms. Roestenberg who stated she only

handles mediation, and she would be able to assist if the parties want to engage in mediation.

Attachment for Questions No. 1, 3, 4 – Motion for Appointment of Counsel
Case 1:21-cv-02693-MEH                                              Page **5** of **5**

On 11/15/21, I called Hoffman Nies Dave & Meyer to inquire about legal representation. I left a

message. I have not received a response.

On 11/15/21, I called Burg Simpson Colorado law firm and my inquiry for obtaining legal

representation. I was transferred to their Business Commercial litigation department. I received

an email reading they are unable to accept my case and assist me in the matter.

**(4) the degree to which the interests of justice, including the benefits to the court, will be
served by appointment of counsel:**

My case presents circumstances requiring appointment of counsel. The complaint states claims,

including but not limited to, discrimination and deceptive business practices. The interest of

justice will be served through appointment of counsel who can achieve simplicity and speed in

the litigation process. This will be a substantial benefit to the Court and financial economy in

litigation. Without counsel and not being able to effectively present my case, justice may not be

served for me as well as the public. Defendants unlawful conduct, deceptive trade practices and

false advertisements will continue to occur. I will continue to suffer irreparable harm because of

Defendants actions if appointment of counsel is not granted.

Respectfully submitted,                                    DATE:  December 8, 2021

s/ *Carmen Criner*

Carmen Criner
2355 Mercantile St., Apt. 1412
Castle Rock, CO 80109
Telephone: (720) 481-4566
Email: crinermarquita@gmail.com
Pro Se Plaintiff

Letter to Magistrate Judge Hegarty regarding the Motion for Appointment of Counsel
Case 1:21-mc-02693                                                                          Page 1 of 3

December 8, 2021

In The United States District Court

For The District of Colorado

Magistrate Judge Hegarty

901 19th Street

Denver, CO 80294

Re:  Case Number:  1:21-02693-MEH

CRINER v. PPF AMLI 10020 TRAINSTATION CIRCLE, LLC, d/b/a AMLI RIDGEGATE,

AMLI RESIDENTIAL PROPERTIES, L.P. d/b/a AMLI RESIDENTIAL, BEN LEE,

MONIQUE CLEAR, STEPHANIE GLOWCZEWSKI, GREGORY MUTZ

Dear Magistrate Judge Hegarty,

This letter is regarding my Motion for Appointment of Counsel. I have special circumstances. I

have a permanent disability with medical records and history of my impairment. I suffer chronic,

intractable vestibular migraine attacks. These attacks cause seizure-like activity in my brain. This

leads to debilitating symptoms of excruciating head pain and vertigo, causing muscle weakness

in my neck, arms, and legs, making it difficult for me to stand, sit or walk properly. These

attacks also cause me to have difficulty concentrating, and partial blackout in the peripheral

vision of my left eye. My attacks are frequent and difficult to treat. There are triggers that cause my attacks to flare up, such as excessive stimuli.

Every two weeks, I receive injections in the back of my head called occipital nerve blocks. My neurologist administers the injections, but my symptoms are not fully alleviated. Another medication that can provide some relief for alleviating these attacks is Valium. This medication cannot be taken every day. If I take Valium, my ability to think clearly and function on a normal capacity is further impaired.

My control over the details of the litigation would be impaired from my inability to control the neurological attacks described above. There would be little hope of successfully prosecuting my case to a final resolution of the merits if appointment of counsel is not granted to represent me.

I recently received a cervical spine medical procedure to assist chronic pain and hopes of relieving my daily headaches which are the main source of the attacks. I started another new part-time job as mentioned in my complaints. I only worked 4 days as I was not physically able to sustain employment because of my disability illness. I do not have the financial ability to retain counsel. Although, I have had the desire to return to work, I have not been able to perform the duties of any job thus far because of my disability. However, I will continue to remain resilient, hopeful of healing and being able to return to work permanently.

I am requesting to have my unusual circumstances taken into consideration by the Court. My

case presents circumstances requiring adequate representation. My Complaint states claims for

which relief can be granted. Appointment of counsel can provide facts and legal elements and

effectively facilitate the scheduling conference, hearings and Court dates, along with assisting

with discovery, pleadings and motions. In addition, appointment of counsel can achieve

simplicity, speed, and financial economy in the litigation. Without counsel and not being able to

effectively present my case, justice may not be served for me as well as the public. I believe

there will be future lawsuits brought against the defendants for the same causes of action if

defendants are not punished for their unlawful and intentional conduct. I will continue to suffer

irreparable harm because of Defendants actions if appointment of counsel is not granted.


Sincerely,


s/ *Carmen Criner*

Carmen Criner
2355 Mercantile St.
Apt. 1412
Castle Rock, CO 80109
Telephone:  (720) 481-4566
Email: crinermarquita@gmail.com
Pro Se Plaintiff